# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. MORRIS, JR.,<br><br>Defendant. | Criminal No. 08-63 (2) (JRT/JSM)<br><br>**MEMORANDUM OPINION<br>AND ORDER DENYING<br>§ 2255 MOTION** |

Timothy C. Rank, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff;

William J. Morris, # 14331-041, Federal Prison Camp Duluth, Post Office Box 1000, Duluth, MN 55814, *pro se*.

William J. Morris, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Morris contends that he received ineffective assistance of counsel for a litany of reasons. Because the Court finds that Morris's claims of ineffective assistance of counsel are without merit, the Court will deny his petition.

## BACKGROUND

On February 2, 2010, after a three week trial, a jury found Morris guilty of conspiracy to commit wire fraud, wire fraud, mail fraud, and tax fraud arising out of his operation with co-defendant Carolyn Louper-Morris of a corporation known as

CyberStudy 101 ("CyberStudy"). CyberStudy marketed an online tutorial program designed to take advantage of the Minnesota Education Tax Credit. Morris and Louper-Morris were indicted for conduct occurring during the years 2000 to 2003. (*See generally* Am. Indictment, Jan. 7, 2010, Docket No. 61.)

At trial, the government presented numerous witnesses, including Minnesota Department of Revenue employees, an investigator from the Internal Revenue Service, CyberStudy employees and volunteers, CyberStudy customers, and an investigator and attorney from the Minnesota Attorney General's Office. The defense presented testimony from a Wells Fargo employee and Morris. Louper-Morris did not testify.

Morris's counsel advised him not to testify because he thought that Morris would incriminate himself. (Trial Tr. 2331-32.) Morris stated that he understood the risks of testifying when they were explained by the Court (*see id.* at 2330-31) and by his counsel (*id.* at 2332). During direct examination, Morris stated that he "made errors" on his taxes" and failed to report income. (*Id.* at 2334-35.) During cross-examination, however, Morris admitted to tax fraud. (*Id.* at 2406.) During closing arguments, Morris's counsel used Morris's candor about his taxes to argue that Morris would be equally honest about the remaining charges. (*See id.* at 2588.)

The defense had initially indicated that Louper-Morris would testify and show the jury the CyberStudy website. The government objected to the presentation of the website at the time of trial (2010) because the issue at trial was the state of the website during the years 2000 to 2002. During the trial, the Court held that any presentation of the website would be limited to "screenshots that can be moved to on a shot by shot basis." (Trial Tr.

at 2046-47.) After Louper-Morris decided not to testify, the jury was not shown the CyberStudy website.

Both Morris and Louper-Morris appealed their conviction and sentence to the Eighth Circuit. The Eighth Circuit rejected all of the defendants' arguments and affirmed. *United States v. Louper-Morris*, 672 F.3d 539, 548 (8th Cir. 2012).

## ANALYSIS

I.     **STANDARD OF REVIEW**

Section 2255 allows a federal prisoner limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel brought under § 2255 are evaluated under the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). To prevail, Morris must establish that counsel's performance was deficient and that he suffered prejudice as a result. *Id.* To establish deficient performance, Morris must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish prejudice, Morris "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When determining whether counsel's representation was deficient, "the courts must resist

the temptation to second-guess a lawyer's trial strategy," *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987), and "trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful," *Flieger v. Delo*, 16 F.3d 878, 886 (8th Cir. 1994).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Morris contends that he received ineffective assistance of counsel for any one of the following reasons: (1) counsel did not challenge the charges against him on Tenth Amendment grounds; (2) counsel did not resolve the admissibility of the CyberStudy website before trial; (3) counsel did not call certain witnesses; (4) counsel surprised him by soliciting an admission of guilt during trial; (5) counsel did not pursue an entrapment by estoppel defense; and (6) counsel failed to highlight or elicit specific testimony. The Court will address each contention in turn.

### A. Tenth Amendment

Morris argues that counsel was ineffective for failing to raise an argument that the federal mail and wire fraud laws violate the Tenth Amendment. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Morris raised the same arguments regarding the Tenth Amendment during his appeal to the Eighth Circuit, and the Eighth Circuit found each challenge "'necessarily' fails." *Louper-Morris*, 672 F.3d at 563 (quoting *United States v. Wright*, 128 F.3d 1274, 1276 (8th Cir. 1997)). The Court finds that review of this issue is precluded and, moreover,

counsel was not deficient for not raising an argument that would have failed on the merits.

B.  **Admission of the CyberStudy Website**

Morris claims that counsel's failure to resolve the admissibility of the CyberStudy website prior to trial constituted ineffective assistance of counsel because introduction of the full website could have changed the outcome of the trial. First, Morris infers in his motion that counsel did not raise the admissibility of the CyberStudy website until the second week of trial; however, defense counsel raised the issue at the beginning of trial and the Court reserved ruling. (Trial Tr. at 144-146.) The Court later excluded admission of the live website and instructed counsel that any demonstration of the tutorial should be done through "screenshots that can be moved to on a shot by shot basis." (Trial Tr. at 2046-47.) Further, Morris does not demonstrate prejudice because nothing supports his argument that a different result would have been reached if counsel raised the issue prior to trial.

Second, to the extent Morris's argument hinges on the contention that the screenshot exhibit was inferior to the live webpage, the Eighth Circuit already addressed this argument. *See Louper-Morris*, 672 F.3d at 564 ("Morris has not demonstrated how a screen-shot exhibit is inferior to live website or how a screen-shot exhibit is prejudicial to him."). The Court finds that Morris's argument is either precluded or fails to establish that he suffered prejudice.

### C. Failure to Call Certain Witnesses

Morris also contends that his counsel's decision not to call Robert Muffelman and Michelle Garcia Strait to testify establishes ineffective assistance of counsel. Decisions regarding which witnesses to call are strategic decisions "normally left to counsel's judgment" and should "not be second-guessed by hindsight." *Fretwell v. Norris*, 133 F.3d 621, 627 (8th Cir. 1998) (internal quotation marks omitted). Indeed, the decision not to call a witness is a "virtually unchallengeable decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (internal quotation marks omitted). To support an ineffective assistance of counsel claim, the decision not to call a witness must have been objectively unreasonable. *See id.* at 488-89. Further, a defendant must demonstrate that the outcome at trial would have differed in order for an ineffective assistance argument to succeed. *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir. 1996).

Morris argues that Muffelman would have "authenticated" the screenshots of the CyberStudy website from the year 2000. Other than claiming that Muffelman "had independent knowledge . . . known to web professionals" of the website (Def.'s Mem. in Supp. at 10, Mar. 7, 2013, Docket No. 188), Morris does not demonstrate how Muffelman would have had access to the relevant screenshots from 2000[1] or how introduction of those screenshots would have changed the outcome of the trial. Indeed, Morris undermines his own argument because he alleges elsewhere that static screenshots were "sub-standard' and "robbed the website of its value." (*Id.*)

---

[1] Counsel for co-defendant Louper-Morris had previously represented to the Court that "there was no disk showing what the Cyberstudy tutorial program looked like in the year 2000 . . . nor was there any reason to believe that evidence regarding the Cyberstudy program in 2000 existed." (*See* Report and Recommendation at 5, Sept. 8, 2009, Docket No. 42.)

Morris also argues that Garcia Straight would have provided evidence that undermined testimony from government witnesses. Yet the Court had determined that Garcia Straight's pending felony fraud and forgery charges would be "fair game" for cross-examination if she testified about matters involving finances at CyberStudy. (Trial Tr. at 2304.) The Court concludes that it was not "objectively unreasonable" for Morris's attorney to decide "the potential costs of calling the witness[] outweighed the potential benefits." *Staples*, 410 F.3d at 489. Morris has failed to show ineffective assistance of counsel due to the failure of his counsel to call certain witnesses.

### D. Admission of Guilt

Morris claims that his counsel surprised him by soliciting an admission of guilt regarding tax fraud on the witness stand and counsel's failure to dispute the tax fraud count constitutes ineffective assistance of counsel. The decision to concede one charge in an effort to gain an advantage in winning on other charges is a reasonable tactical maneuver. *Lingar v. Bowersox*, 176 F.3d 453, 459 (8th Cir. 1999); *see also, e.g.*, *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991) (noting that although a defendant cannot be forced to plead guilty against his wishes, counsel's acknowledgment of the weight of the evidence is a reasonable tactic, even without a client's consent).

First, Morris's counsel did not ask Morris if he was guilty of tax fraud,[2] soliciting an admission of guilt; counsel for the government did. Once Morris admitted to tax fraud, his counsel used the admission as part of his trial strategy, using it in his closing

---

[2] Morris's counsel did ask him questions regarding filing his taxes. Asking questions related to the government's charges is a reasonable trial strategy.

argument. Certainly, counsel did not "entirely fail[] to subject the prosecution's case to meaningful adversarial testing." *Florida v. Nixon*, 543 U.S. 175, 188 (2004) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). The Court finds Morris's claims do not support a finding of ineffective assistance of counsel.

### E.     Entrapment by Estoppel Defense

Morris claims that defense counsel was ineffective for failing to pursue an entrapment by estoppel defense. Entrapment by estoppel is an affirmative defense available when "an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice." *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995) (internal quotation marks omitted); *see also United States v. Kieffer*, 621 F.3d 825, 833 (8th Cir. 2010). A "government official must have committed affirmative misconduct before the defense is available." *United States v. Hullette*, 525 F.3d 610, 612 (8th Cir. 2008).

Morris presents no evidence that any government official committed affirmative misconduct. Nor does Morris identify any individual who assured him that his conduct was legal. In sum, Morris fails to demonstrate that there was sufficient evidence to support an entrapment by estoppel defense. Morris's counsel cannot be ineffective for failing to pursue an affirmative defense for which there was no evidence.

### F.     Highlighting or Eliciting Testimony

Morris argues that his counsel failed to vigorously cross-examine certain government witnesses and spotlight witness testimony that supported Morris's defense.

The choice of what evidence to highlight and how vigorously to cross-examine specific witnesses is a strategic decision, and "a defendant must overcome a strong presumption that his counsel's actions constituted reasonable trial strategy under the circumstances." *Snell v. Lockhart*, 14 F.3d 1289, 1301 (8th Cir. 1994) (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ."). Morris's counsel did cross-examine government witnesses, and he highlighted specific testimony in his closing statement. (*See generally* Trial Tr. at 2571-2589.) The Court finds that counsel's conduct as a whole was reasonable and demonstrated a sound trial strategy. Moreover, the evidence overwhelmingly supported the jury's decisions. That is, Morris has failed to establish that counsel's performance was deficient or that he suffered prejudice as a result.

### III. EVIDENTIARY HEARING

The Court will deny Morris's request for an evidentiary hearing related to this petition because the motion and the files and records of the case conclusively show that the Morris is entitled to no relief. *See* 28 U.S.C. § 2255(b); Rules Governing Section 2255 Proceedings for the United States District Courts, Rules 6, 8(a); *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005).

### IV. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *Flieger*, 16 F.3d at 882-83. For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the issues raised in Morris's § 2255 petition debatable, or that some other court would decide this petition differently. The Court further concludes that the issues do not warrant further proceedings, and therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Morris's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [Docket No. 188] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Morris's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 12, 2013                  _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                                         United States District Judge